**Ma Dolores Soto CASTRO, Petitioner**

v.

**Jefferson B. SESSIONS, III, U.S. Attorney General, Respondent**

**No. 16-60618**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed October 30, 2017

REVISED October 31, 2017

David Anton Armendariz, Esq., De Mott McChesney Curtright & Armendariz, L.L.P., San Antonio, TX, for Petitioner

Tim Ramnitz, Trial Attorney, Jennifer Raquel Khouri, Office of Immigration Litigation, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM: *

Ma Dolores Soto Castro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing her appeal and affirming the Immigration Judge's (IJ) order denying her applications for waiver of inadmissibility, adjustment of status, asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Her sole argument on appeal is that the BIA and IJ erred in determining, in connection with her request for withholding of removal, that her claimed membership in a protected social group was limited to the group comprised of Americanized Mexican returnees and did not include a claim based on family ties.

Soto Castro briefs no argument challenging the denial of her requests for a waiver of inadmissibility, adjustment of status, asylum, or relief under the CAT, and she has therefore abandoned any such challenge. *See Sama v. Hannigan*, 669 F.3d 585, 589 (5th Cir. 2012); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). She likewise does not dispute that her prior alien smuggling conviction is an aggravated felony or that she is removable based on that conviction. *See Sama*, 669 F.3d at 589; *Soadjede*, 324 F.3d at 833.

Because Soto was removable as an aggravated felon, this court has jurisdiction

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to consider only constitutional claims or questions of law. 8 U.S.C. §§ 1252(a)(2)(C), (a)(2)(D); *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 560-61 (5th Cir. 2006). Soto's petition raises neither a legal nor constitutional question. We lack jurisdiction to consider her fact-based argument. *See Siwe v. Holder*, 742 F.3d 603, 613 (5th Cir. 2014); *Arciniega v. Holder*, 702 F.3d 781, 785 (5th Cir. 2012). Accordingly, the petition for review is DISMISSED for lack of jurisdiction.